1    **WO**

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                        FOR THE DISTRICT OF ARIZONA

7

8    Julio Rodriguez,                    )    No. CV-08-1217-PHX-LOA
                                          )
9              Plaintiff,                 )    **ORDER**
                                          )
10   vs.                                  )
                                          )
11   Kentucky Fried Chicken,              )
                                          )
12             Defendant.                 )
                                          )
13   _____  )

14          This case arises upon the Court's review of the file and *pro se* Plaintiff's

15   timely-filed Amended Complaint, filed in an effort to comply with both the Court's July 9,

16   2008 order and, among others, Rule 8(a)(2), Federal Rules of Civil Procedure, by the July

17   22, 2008 deadline.  Plaintiff  has consented in writing to magistrate-judge jurisdiction

18   pursuant to 28 U.S.C. § 636(c).  (docket # 4)  Although the *pro se* Amended Complaint does

19   not allege the statutory basis for the Court's limited jurisdiction, it is clear that Plaintiff

20   invokes this Court's federal question jurisdiction  (28 U.S.C. §1331).

21          A fair comparison of the original Complaint and the Amended Complaint

22   reveals that these pleadings are nearly identical: both are one page in length, both allege

23   violations of Tile VII, the Americans With Disabilities Act ("ADA") and/or the Age

24   Discrimination in Employment Act ("ADEA") and, perhaps, most importantly, neither the

25   Complaint nor the Amended Complaint allege any specific facts claims describing the acts

26   or omissions of Defendant which allegedly violate the various Acts.  In fact, the Amended

27   Complaint only contains the conclusory allegation that Plaintiff "ha[s] been discriminated

28   against by being terminated from [his] employment with Kentucky Fried Chicken." (docket

1   # 5)  The only attachment to the Amended Complaint is a copy of Rule 8, FED.R.CIV.P.

2   Although the original Complaint also lacked factual allegations, at least Plaintiff attached

3   thereto copies of the EEOC's January 30, 2008 cover letter, dismissal notice and notice of

4   right to sue within 90 days.[1]

5              Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a

6   complaint with prejudice for failure to comply with Rule 8(a). *Hearns v. San Bernardino*

7   *Police Department*, ___ F.3d ___ , 2008 WL 2579243 (9th Cir. 2008) (citing *Nevijel v. North*

8   *Coast Life Ins. Co*., 651 F.2d 671, 673 (9th Cir. 1981)). The Ninth Circuit in *Hearns* sets

9   forth an excellent compendium of circuit authority in which complaints were dismissed for

10  failure to comply with Rule 8(a)'s mandate that a complaint "must contain . . . a short and

11  plain statement of the claim **showing that the pleader is entitled to relief**."   Rule 8(a)(2),

12  FED.R.CIV.P. (emphasis added).  "Under Rule 8(a), the plaintiff must give the defendant fair

13  notice of what the . . . claim is and the grounds upon which it  rests."  *Mendiondo v.*

14  *Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008) (internal citation and

15  quotation marks omitted). On the other hand, a complaint need not contain detailed factual

16  allegations, but it must provide more than "a formulaic recitation of the elements of a cause

17  of action." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929

18  (2007).

19              In *Hearns*, the majority acknowledged that "[t]he FAC [first amended

20  complaint] and the original complaint contain excessive detail," but held that an 81-page

21  Complaint and 68-page First Amended Complaint, filed by counsel, should not have been

22  dismissed with prejudice by the district court because they "were intelligible and clearly

23  delineate the claims and the Defendants against whom the claims are made. . . Here, the

24  Defendants should have no difficulty in responding to the claims with an answer and/or with

25  a Rule 12(b)(6) motion to dismiss." *Hearns*, 2008 WL 2579243 * 6. The majority in *Hearns*

26

27              [1] If the 90 days were to begin to run on January 30, 2008, Plaintiff was required to file
    his complaint on or before April 29, 2008. Plaintiff's Complaint was filed on July 1, 2008.
28  This issue will not be addressed at this time *sua sponte*.

1    also stated that the district court has inherent "remedial authority to relieve a defendant of

2    the burden of responding to a complaint with excessive factual detail. One option would have

3    been to simply strike the surplusage from the FAC." *Id*. Another option is "the judge could

4    have excused Defendants from answering those [relevant but unnecessary] paragraphs." *Id*.

5            In *Hearns*, the majority and minority affirmed as valid circuit authority

6    *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996).  *Hearns,* 2008 WL 2579243 at * 4.  In

7    *McHenry*, the Ninth Circuit concluded that the district court had not abused its discretion in

8    dismissing a complaint pursuant to Rule 12(e) because the trial judge "had already given the

9    plaintiffs multiple opportunities to comply, along with specific instructions on how to correct

10   the complaint." *McHenry*, 84 F.3d 1172.

11           "The failure of a complaint to state a claim upon which relief can be granted

12   is usually dealt with by a motion made under Rule 12(b)(6), while the need for supplying a

13   more definite statement is ordinarily brought before the court by a motion invoking Rule

14   12(e)." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431-32 (9th  Cir.1969) (cited

15   approvingly in *Hearns*). "However, in an aggravated case a district court has discretion to

16   dismiss an action for failure to comply with the requirement of Rule 8(a)(2)." *Id*. (citing

17   *Corcoran v. Yorty*, 347 F.2d 222 (9th Cir. 1965)); *Agnew v. Moody*, 330 F.2d 868, 870-871

18   (9th Cir. 1964). "But, as exemplified by *Corcoran* and *Agnew*, a dismissal for a violation

19   under Rule 8(a)(2), is usually confined to instances in which the complaint is so 'verbose,

20   confused and redundant that its true substance, if any, is well disguised.'" *Id*.  A decision to

21   dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *Gillibeau*,

22   417 F.3d at  431.

23           Plaintiff's Amended Complaint presents the converse problem addressed in

24   *Hearns*.  Rather than being verbose, the Amended Complaint in this case includes no factual

25   allegations explaining how Defendant discriminated against Plaintiff by terminating his

26   employment.  The Amended Complaint truly contains a "short and plain statement" of the

27   grounds and claims.  The Amended Complaint alleges no facts required by Federal Rule of

28   Civil Procedure 8(a), to show a basis for Defendant's liability under Title VII, the ADA or

1   the ADEA. Stated differently, the Amended Complaint does not "'state[] clearly how

2   [Defendant] is alleged to have violated plaintiff['s] legal rights . . . and [does not] focus on

3   linking [any] factual allegations to [his] actual legal claims.'" *Hearns*, at * 4 (citing

4   *McHenry*, 84 F.3d at 1176) (quoting district court's order).  While the Amended Complaint

5   gives Defendant fair notice of the nature of the claims (violation of Title VII, the ADA and

6   the ADEA), it does not give Defendant fair notice of "the grounds upon which [such claims]

7   rest[]."  *Mendiondo*, 521 F.3d at 1104. Moreover, the Court does not have the options,

8   discussed in *Hearns*, to order, for example, that Defendant need not answer certain verbose

9   or extraneous allegations.  This is an aggravated case of failure to comply with Rule 8(a)(1)

10  and (2) and the Court concludes that it is unfair and inconsistent with Fed.R.Civ. P. 1 to

11  require Defendant to incur unnecessary attorney's fees to file a motion for more definite state

12  due to Plaintiff's failure *ab initio* to comply with Rule 8.

13          In view of the foregoing, the Court will give Plaintiff one final opportunity to

14  amend his Complaint to comply with this order and Fed. R. Civ. P. 8(a).

15          Accordingly,

16          **IT IS ORDERED** that on or before **Monday, August 18, 2008,** Plaintiff shall

17  file a Second Amended Complaint setting forth with specificity factual allegations describing

18  how Defendant, through its identified employees, allegedly violated Plaintiff's legal rights

19  under Title VII, the ADA, and the ADEA.

20          **IT IS FURTHER ORDERED** that failure to comply with this order may

21  result in dismissal of Plaintiff's lawsuit with prejudice (meaning it cannot be refiled) pursuant

22  to Fed.R.Civ. P. 41(b), Fed.R.Civ.P. 8, or the Court's inherent power. *Ferdik v. Bonzelet*, 963

23  F.2d 1258, 1260 (9th Cir. 1992) (trial courts have the inherent power to control their dockets

24  and may impose sanctions including, where appropriate, dismissal of a case).

25          Dated this 30th day of July, 2008.

26

27

28                                      Lawrence O. Anderson
                                        United States Magistrate Judge
                                        - 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28