1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julio Rodriguez,<br><br>   Plaintiff,<br><br>vs.<br><br>Kentucky Fried Chicken,<br><br>   Defendant. | No. CV-08-1217-PHX-LOA<br><br>**ORDER** |

   This case arises upon the Court's review of the file and *pro se* Plaintiff's timely-filed Second Amended Complaint, filed in an effort to comply with both the Court's July 30, 2008 order and, among others, Rule 8(a)(2), Federal Rules of Civil Procedure. (docket # 7)  Plaintiff has consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (docket # 4)

   The Second Amended Complaint repeats Plaintiff's failures of his prior two Complaints of not alleging the statutory basis for the Court's limited jurisdiction. The *pro se* Plaintiff's reference, however, to "Title VII, the ADA and the ADEA," all Congressional statutes, under the heading "**JURISDICTION**" makes clear that Plaintiff is invoking federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and is not raising claims alleging substantive violations of these specific statutes. (docket # 7 at 1)

   The Court concludes that upon a fair reading of the Second Amended Complaint, Plaintiff alleges sufficient facts for purposes of Rule 8(a), FED.R.CIV.P., to warrant service of process and proceeding further with Plaintiff's claims that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*, and that Plaintiff

1 was wrongfully terminated from his employment and suffered other adverse employment
2 actions in retaliation for exercising his FMLA rights. Moreover, the Second Amended
3 Complaint's demand sets forth the specific relief Plaintiff seeks.

4     "Qualifying employees are guaranteed 12 weeks of unpaid leave each year by
5 the Family and Medical Leave Act of 1993." *Ragsdale v. Wolverine World Wide*, 535 U.S.
6 81, 84 (2002). "The FMLA creates two related substantive rights for employees. First, an
7 employee has the right to take a leave of absence from work for personal medical reasons,
8 to care for a newborn baby, or to care for family members with serious illnesses." *Foraker*
9 *v. Apollo Group, Inc*., 427 F.Supp.2d 936, 940 (D. Ariz. 2006) (citing 29 U.S.C. § 2612).
10 "Second, an employee who takes FMLA leave has the right to return to his or her original
11 position or to a position equivalent in benefits, pay, and conditions of employment." *Id*.
12 (citing 29 U.S.C. § 2614). Additionally, to establish a *prima facie* case of FMLA retaliation,
13 an employee need only establish by a preponderance of the evidence that (1) the employee
14 took FMLA-protected leave, (2) the employee suffered an adverse employment action, and
15 (3) the adverse employment action was causally related to the employee's FMLA leave. *Id*.
16 at 942 (citing *Bachelder v. America West Airlines*, 259 F.3d 1112, 1124 (9th Cir. 2001)
17 (holding that to prevail on a claim under § 2615(a)(1), an employee need only prove by a
18 preponderance of the evidence that the employee's taking of FMLA-protected leave
19 constituted a negative factor in the decision to terminate the employee).

20     Accordingly,

21     **IT IS ORDERED** that Plaintiff shall properly serve the Summons, the Second
22 Amended Complaint, this Order and the magistrate-judge consent form[1] on Defendant
23 Kentucky Fried Chicken within **90 days** of today's date, i.e., **on or before December 4,**

---

[1] See docket # 2. Plaintiff may also find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "Forms" on the left side of the page and then click on and print the appropriate form. Consent/election forms are not to be e-filed. Consent/election forms are to be filed in paper form with the Clerk's Office. ECF Policies and Procedure Manual, II, ¶ M at p.19.

1  **2008.** See, Rule 4(m), FED.R.CIV.P.  Plaintiff's failure to timely serve the aforesaid
2  documents upon Defendant may result in the dismissal of this lawsuit without prejudice
3  absent good cause shown. Although district courts have broad discretion to extend time for
4  service under Rule 4(m), FED.R.CIV.P.,[2] "no court has ruled that the discretion is limitless."
5  *Efaw v. Williams*, 473 F.3d 1038 (9th Cir. 2007).

6  Dated this 3rd day of September, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

---

[2] Rule 4(m), FED.R.CIV.P., provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Rule 4(m), FED.R.CIV.P.

- 3 -