**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Julio Rodriguez,
Plaintiff,
vs.
Kentucky Fried Chicken,
Defendant.

No. CV-08-1217-PHX-LOA

**ORDER**

This case arises upon *pro se* Plaintiff's pleading, filed March 13, 2009, entitled "Appeal Judgement of Dismissal in a Civil Case" which the Court deems a motion for relief from judgment pursuant to Rule 60(b)(1), FED.R.CIV.P., "[R]EQUESTING MOTION TO REINSTATE MY CASE . . . ." (docket #13)

On January 26, 2009, Plaintiff's lawsuit was dismissed without prejudice because (1) the docket did not reflect at that time that Defendant was timely served with process, and (2) Plaintiff failed to respond to the Court's December 19, 2008 order to show cause on or before January 16, 2009 why Plaintiff's lawsuit against the Defendant should not be dismissed for failure to serve process pursuant to FED.R.CIV.P. 4(m). (docket # 10) Judgment was entered by the Clerk at 9:15 a.m. on January 26, 2009. (docket # 11) Over three hours later, at 12:56 p.m., the return of service, called DECLARATION OF SERVICE OF PROCESS, was filed, indicating Defendant Kentucky Fried Chicken was served with the Second Amended Complaint and other documents on November 19, 2008 at 2:15 p.m. (docket # 12)

Plaintiff's Rule 60(b)(1) motion references the process server's return of service showing under penalty of perjury that Defendant was served on November 19, 2008, and indicating in part:

> [D]OCUMENT OF PROOF WAS NOT FILED IN DISTRICT COURT PROPERLY BY PROCESS SERVER BY NO FAULT OF MINE. IT WAS FILED ON JANUARY 26, 2009 WHEN I BECAME AWARE IT HAD NOT BEEN FILED IN DISTRICT COURT.

(docket # 13) Plaintiff does not address why he failed to respond in writing to the Court's December 19, 2008 order to show cause on or before January 16, 2009 wherein he could have easily shown that Defendant's representative was timely served with process.

Federal Rule of Civil Procedure 60(b)(1) provides "on motion and upon such terms as are just, the court may relieve a party . . . from a final judgment [for] . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed.R.Civ.P. 60(b)(1). "Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2000), *overruled on other grounds, Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141 (2001). Because Rule 60(b) is remedial in nature, it is liberally applied. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (*Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)). Under the circumstances here, Plaintiff has the burden to establish the grounds for the court to set aside the judgment. *Martinelli v. Valley Bank of Nevada* (In re Martinelli), 96 B.R. 1011, 1013 (9th Cir. BAP 1988).

The United States Supreme Court has held that determining whether neglect is "excusable" involves an equitable analysis that considers all relevant circumstances surrounding the party's omission, including the danger of prejudice to the adverse party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith. *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

The Ninth Circuit has adopted a forgiving approach to excusable neglect, accepting even "weak" reasons if they reveal mere "negligence and carelessness, not . . . deviousness or willfulness." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000). In *Bateman*, an attorney was excused from his failure to timely file a pleading because he had to leave the country on fairly short notice and, upon his return, suffered from jet lag and took some time to sort through his mail. Although this was a "weak" reason, it was enough to warrant relief under Rule 60(b)(1).

The determination of excusable neglect is left to the sound discretion of the district court. *United States v. Russell*, 578 F.2d 806, 807 (9th Cir. 1978) (*per curiam*).

After considering all the *Brunswick* factors, the Court finds that it is fair and just to set aside the Judgment and dismissal order and reinstate this lawsuit because (1) there is no prejudice to Defendant who has yet not appeared in this action, (2) Plaintiff has acted promptly and in good faith to set aside the Judgment, and (3) the *pro se* Plaintiff, a non-law trained litigant, relied upon a purported professional process server, allegedly appointed by the Maricopa County Superior Court to serve process, to timely file the return of service in the correct court.[1] While Plaintiff could have avoided dismissal of his lawsuit by complying with the Court's December 19, 2008 order to show cause and saved this busy judge from wasting a significant amount of his limited time writing avoidable orders, the Court finds sufficient excusable neglect under Rule 60(b)(1) to grant Plaintiff's motion.

Plaintiff is forewarned that his *pro se* status does not discharge his obligation to "abide by the rules of the court in which he litigates," *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986), and to comply with court orders. *Ferdik v.*

---

[1] The Court notes the title of this District Court on the return of service erroneously states: "UNITED STATES DISTRICT COURT IN AND FOR THE COUNTY OF MARICOPA STATE OF ARIZONA"

*Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). A repeat failure to comply with court orders or the rules of the District Court may result in the dismissal of this case with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(1), FED.R.CIV.P., is **GRANTED**. The January 26, 2009 Judgment and dismissal order are hereby **VACATED** and this lawsuit is reinstated.

In light of the unusual procedural history of this case and to give Defendant fair notice of the reinstatement of this lawsuit so it may make a timely appearance,

**IT IS FURTHER ORDERED** that Plaintiff shall serve a true and complete copy of this order upon Defendant's authorized agent to accept service of process in Arizona on or before **Tuesday, March 31, 2009.** Plaintiff shall file a return of service **within ten (10) days** of service of this order, indicating therein the details of who, where, when and what was served. Absent good cause shown, Plaintiff's failure to comply with this order may result in the dismissal of this case with prejudice.

**IT IS FURTHER ORDERED** that Defendant Kentucky Fried Chicken shall file its Answer or other responsive pleading as mandated by Rule 12, FED.R.CIV.P., calculated from the date it is served with this order or default may be entered against it pursuant to Rule 55, FED.R.CIV.P.

Dated this 16th day of March, 2009.

Lawrence O. Anderson
United States Magistrate Judge